IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JOHNNY R. BUNCH                          )
                                         )
v.                                       ) NO. 3:04-0211
                                         ) JUDGE CAMPBELL
CITY OF RIDGETOP, TENNESSEE,             )
et al.                                   )


MEMORANDUM

Pending before the Court are Defendant Bethel's Motion for Summary Judgment (Docket No. 26), Defendant City of Ridgetop's Motion for Summary Judgment (Docket No. 31), and Defendant Gaetano's Motion to Dismiss and/or for Summary Judgment (Docket No. 37). For the reasons stated herein, Defendant Bethel's Motion for Summary Judgment (Docket No. 26) is GRANTED in part and DENIED in part; Defendant City of Ridgetop's Motion for Summary Judgment (Docket No. 31) is GRANTED, and all claims against the City of Ridgetop are DISMISSED; and Defendant Gaetano's Motion to Dismiss and/or for Summary Judgment (Docket No. 37) is GRANTED, and all claims against Defendant Gaetano are DISMISSED.

FACTS

Plaintiff has sued the City of Ridgetop and two of its police officers, pursuant to 42 U.S.C. § 1983 ("Section 1983") and § 1985 ("Section 1985"), for alleged violations of his civil rights and, pursuant to state law, for libel, slander, outrageous conduct, false imprisonment, abuse of process, negligent infliction of emotional distress, and intentional infliction of emotional distress. Docket No. 1.

Plaintiff avers that, on March 14, 2003, he was arrested and subsequently incarcerated by the Defendants. Plaintiff contends that he was on property belonging to his family when Defendants Bethel and Gaetano "stormed" his camper "with firearms drawn." Docket No. 1, ¶ 9. Plaintiff admits he had previously lied to Defendant Bethel about his identity, social security number, and birth date. Docket No. 47, ¶¶ 19 and 21. Plaintiff claims that Defendant Bethel handcuffed him and placed him in the back of the patrol car and, subsequently, for no apparent reason, sprayed him in the face with mace or pepper spray. Docket No. 1, ¶ 12. Plaintiff asserts that the conduct of Defendants Bethel and Gaetano throughout his arrest and booking was "reprehensible, extreme and outrageous" and that Defendant City of Ridgetop knew or should have known of the propensity of the two officers to engage in such misconduct. Id., ¶¶ 13-14. Defendants' pending Motions for Summary Judgment challenge Plaintiff's ability to establish his claims.

SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant.

2

*Id*. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

DEFENDANT BETHEL

SECTION 1983

Defendant Bethel contends that Plaintiff's Complaint states allegations against her in her official capacity only. The Court finds, however, that Plaintiff has sufficiently indicated that he is suing the two officers in their individual capacities. See, e.g., Docket No. 1, ¶ 20.

Defendant Bethel also claims that she is entitled to qualified immunity from this action. The Supreme Court has enunciated a two-part test to determine whether a defendant is protected by qualified immunity. Under the first prong, the Court must determine whether the facts alleged show the officer's conduct violated a constitutional right. Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001). The second prong is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted; in other words, whether the right was clearly established. Id.

In order to establish qualified immunity, however, Defendant would have to show that there are no disputed facts as to what happened in this incident. Whether qualified immunity applies depends on whether the actions of Defendant Bethel were objectively reasonable. Graham v. Conner, 490 U.S. 386 (1989). The issue of qualified immunity is a question of law for the Court, but issues of fact relevant to determining whether qualified immunity applies are questions for the jury. Williams v. Pollard, 44 F.3d 433, 434-35 (6th Cir. 1995). Summary judgment is not appropriate if there is a genuine factual dispute relating to whether the Defendant committed acts that allegedly violated clearly established rights. Dickerson v. McClellan, 101 F.3d 1151,1158 (6th Cir.1996).

3

Here, Defendant Bethel alleges that Plaintiff was uncooperative and disorderly, and Plaintiff denies that fact. Docket No. 47, ¶34. Plaintiff denies that he was kicking the patrol car windows and screaming, as Defendant Bethel alleges. Id., ¶ 42. Plaintiff denies that Defendant Bethel opened the car door and advised him to calm down. Id., ¶ 43. Plaintiff also denies that he refused to calm down and continued to kick and scream. Id., ¶ 44. The parties dispute whether Defendant Bethel sprayed mace directly into Plaintiff's face and whether she put the car windows down. Id., ¶ 45. Plaintiff alleges that Defendant Bethel was physically abusive to him, and Defendant Bethel denies that allegation. Id., ¶ 46. The disputed issues as to what actually happened create a genuine issue of material fact as to, for example, whether Defendant Bethel used excessive force in her arrest of the Plaintiff. The Court cannot determine whether it would be clear to a reasonable officer in Defendant Bethel's position that her conduct was unlawful in the situation she confronted until the factfinder determines exactly what that situation was.

The Court cannot determine, until the facts underlying Plaintiff's allegations are found, whether the actions of Defendant Bethel were objectively reasonable, entitling her to qualified immunity. If Plaintiff's factual allegations are found to be credible, then the Court could find that Defendant Bethel's actions violated clearly established constitutional rights and were not objectively reasonable. If Defendant Bethel's version of the facts is believed, then the Court could find otherwise.

Defendant Bethel also asserts that she is entitled to summary judgment as to Plaintiff's Section 1983 claim because Plaintiff has not alleged sufficient injury. To prove a Section 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law.

4

Spurlock v. Whitley, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). Plaintiff has alleged both of these elements with regard to Defendant Bethel's conduct.

In addition, where a jury finds a deprivation of a constitutional right that does not result in an actual injury giving rise to compensatory damages, nominal damages are the appropriate remedy. Anderson v. City of Boston, 375 F.3d 71, 95 (1st Cir. 2003); Williams v. Kaufman County, 352 F.3d 994, 1014 (5th Cir. 2003). Courts have identified three circumstances under which a Section 1983 plaintiff alleging excessive use of force may be entitled to receive only nominal damages: (1) where there is evidence that both justifiable and unjustifiable force was used and the injury may have resulted from the use of justifiable force; (2) where a jury reasonably concludes that the plaintiff's evidence of injury is not credible; and (3) when the plaintiff's injuries have no monetary value or when they are not quantifiable with reasonable certainty. Slicker v. Jackson, 215 F.3d 1225, 1232 (11th Cir. 2000); Ealy v. City of Dayton, 1996 WL 724368 at ** 4 (6th Cir. Dec. 16, 1996).

For these reasons, Defendant Bethel is not entitled to summary judgment as to Plaintiff's Section 1983 claim, and her Motion as to that claim is DENIED.

SECTION 1985

To state a claim for conspiracy to violate civil rights under Section 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) and act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Smith v. Thornburg, 136 F.3d 1070, 1078 (6th Cir. 1998); Johnson v. Hills & Dales General Hospital, 40 F.3d 837, 839 (6th Cir. 1994). The plaintiff must also establish that the conspiracy was motivated by a class-based animus. Id.

5

Here, Plaintiff has failed to allege facts showing a conspiracy. Neither has he alleged that any such conspiracy was motivated by a class-based animus. Accordingly, Defendant Bethel's Motion for Summary Judgment as to Plaintiff's Section 1985 claim is GRANTED, and that claim is DISMISSED.

STATE LAW CLAIMS

Plaintiff has filed state law claims against Defendant Bethel for libel, slander, outrageous conduct, false imprisonment, abuse of process, and negligent and intentional infliction of emotional distress. Defendant Bethel asserts that she is immune from such causes of actions pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"), which provides:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of: (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused; (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights. . . .

Tenn. Code Ann. § 29-20-205. By its terms, this statute applies to immunity of governmental entities, not individual employees.

Plaintiff's slander claim is barred by the applicable six-month statute of limitations. Tenn. Code Ann. § 28-3-103. Defendant Bethel's Motion for Summary Judgment on the slander claim is GRANTED, and that claim is DISMISSED.

To establish a claim for libel, Plaintiff must show that Defendant Bethel published a statement with knowledge that the statement was false and defaming to Plaintiff, or with reckless disregard for the truth of the statement, or with negligence in failing to ascertain the truth of the statement. Sullivan v. Baptist Memorial Hospital, 995 S.W.2d 569, 571 (Tenn. 1999). Plaintiff

6

alleges that Defendant Bethel libeled him by booking him under the name "John Doe." Docket No. 1, ¶ 18. Actually, Plaintiff was booked under the name "John Doe (Possible I.D. is Johnny Ray Bunch)." Docket No. 47, ¶ 51.

Even if Plaintiff's booking were considered a publication, which the Court does not find, Plaintiff has failed to show that the statement was false and defaming to him or that Defendant Bethel was reckless or negligent in listing him as John Doe (Possible I.D. is Johnny Ray Bunch). In addition, Plaintiff has filed nothing to rebut Defendant's claim of privileged communication. For these reasons, Defendant Bethel's Motion for Summary Judgment on Plaintiff's libel claim is GRANTED, and that claim is DISMISSED.

To state a claim for outrageous conduct or intentional infliction of emotional distress, Plaintiff must establish that (1) Defendant's conduct was intentional or reckless; (2) Defendant's conduct was so outrageous that it cannot be tolerated by civilized society; and (3) Defendant's conduct resulted in serious mental injury to Plaintiff. Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 51 (Tenn. 2004).

Here, the Court finds, as a matter of law, that Defendant Bethel's alleged misconduct, even if the facts as presented by Plaintiff are believed, does not rise to the level of outrageous conduct or intentional infliction of emotional distress. Defendant's Motion for Summary Judgment on Plaintiff's outrageous conduct and intentional infliction of emotional distress claims is GRANTED, and those claims are DISMISSED.

To state a claim for negligent infliction of emotional distress, Plaintiff must establish (1) duty, (2) breach of duty, (3) injury or loss, (4) causation in fact, and (5) proximate causation. Lourcey, 146 S.W.3d at 52. In addition, Plaintiff must establish the existence of a serious or severe

7

emotional injury that is supported by expert medical or scientific evidence.  Id.; Miller v. Willbanks, 8 S.W.3d 607, 614-15 (Tenn. 1999).

Here, Plaintiff has presented no expert medical or scientific evidence in support of his claim. He admits, in his deposition, that he has not seen a physician or health care provider.  Docket No. 31, Ex. 2, pp. 61-62.  Therefore, Plaintiff cannot establish his negligent infliction of emotional distress claim.  Defendant's Motion for Summary Judgment is GRANTED on this issue, and the negligent infliction of emotional distress claim is DISMISSED.

The elements of the tort of false imprisonment are (1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint.  Coffee v. Peterbilt of Nashville, Inc., 795 S.W.2d 656, 659 (Tenn. 1990); Bryant-Bruce v. Vanderbilt University, 974 F.Supp. 1127, 1145 (M.D. Tenn. 1997).  Because there are genuine issues of material fact as to whether Plaintiff was disorderly or uncooperative, the Court cannot determine, as a matter of law, whether Plaintiff's detention was unlawful.  Accordingly, Defendant Bethel's Motion for Summary Judgment on this issue is DENIED.

To establish a claim for abuse of process, Plaintiff must establish two elements: (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.  Givens v. Mullikin, 75 S.W.3d 383, 400 (Tenn. 2002).  The test as to whether process has been abused is whether the process has been used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be compelled to do.  Id. at 401.

8

Abuse of process differs from malicious prosecution in that abuse of process lies for the improper use of process after it has been issued, not for maliciously causing process to issue.  Bell v. Icard, Merrill, Cullis, Timm, Curen and Ginsburg, P.A., 986 S.W.2d 550, 555 (Tenn. 1999).  Abuse of process does not occur unless the process is perverted; that is, directed outside of its lawful course to the accomplishment of some object other than that for which it is provided.  Id.

The Court finds that Plaintiff has failed to establish the required elements of a claim of abuse of process.  It is not even clear which acts Plaintiff claims constitute this tort.  Defendant's Motion for Summary Judgment on the claim of abuse of process is GRANTED, and that claim is DISMISSED.

### DEFENDANT CITY OF RIDGETOP

SECTION 1983

A municipality may not be held liable under Section 1983 solely because it employs a tortfeasor.  Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997). Instead, a plaintiff seeking to impose liability on a municipality under Section 1983 must identify a municipal policy or custom that caused the plaintiff's injury.  Id.  "It is when execution of government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that a government as an entity is responsible under § 1983."  Monell v. New York City Dep't of Social Services, 98 S.Ct. 2018, 2037 (1978).

Here, Plaintiff's only references in his Complaint to alleged misconduct on the part of the City are its alleged failure to discipline or reprimand Defendants Bethel and Gaetano and that it knew or should have known of the propensity and likelihood of Defendants Bethel and Gaetano to engage in the alleged misconduct.  Docket No. 1, ¶¶ 13-14.  Plaintiff's Complaint does not allege

9

any policy of the City which proximately resulted in his alleged injuries. Plaintiff's Complaint does not identify any official custom or practice which would possibly subject the City to liability under Section 1983.

Plaintiff's reference, in his Response to the pending Motions (Docket No. 45, p. 4), to an alleged policy of not informing the Robertson County Jail of the true identity of Johnny Bunch has no merit. Because Plaintiff has failed to carry his burden of proof on the Section 1983 claim against the City of Ridgetop, the City's Motion for Summary Judgment on that issue is GRANTED, and that claim is DISMISSED.

SECTION 1985

To the extent Plaintiff is attempting to assert a claim under Section 1985 against Defendant City of Ridgetop, that claim fails for the reasons stated above.

STATE LAW CLAIMS

The Court does not read Plaintiff's Complaint as asserting state law claims against the City of Ridgetop. To the extent it does, however, the TGTLA , as stated above, retains the immunity of the City for such claims. Tenn. Code Ann. § 29-20-205.

For all these reasons, the City of Ridgetop's Motion for Summary Judgment is GRANTED, and all claims against the City are DISMISSED.

### DEFENDANT GAETANO

For the same reasons as those set forth for Defendant Bethel, Plaintiff cannot establish claims under Section 1985 or for outrageous conduct, intentional or negligent infliction of emotional distress, or abuse of process against Defendant Gaetano, and those claims are DISMISSED. The Court does not read the Complaint as alleging claims for libel or slander against Defendant Gaetano.

10

The Court finds that Plaintiff has failed to state a claim under Section 1983 against Defendant Gaetano. Plaintiff admits that Defendant Bethel was the arresting officer. Defendant Bethel allegedly handcuffed Plaintiff, put him in the back of the patrol car and sprayed mace in his face. Plaintiff makes no allegation that Defendant Gaetano ever touched him, so he could not have used excessive force. In addition, there is no allegation that Defendant Gaetano was in a supervisory role over Defendant Bethel and could/should have prevented any of her actions.

For the same reasons, Plaintiff has not established a claim of false imprisonment against Defendant Gaetano. Accordingly, Defendant Gaetano's Motion for Summary Judgment is GRANTED, and all claims against Defendant Gaetano are DISMISSED.

## CONCLUSION

For the reasons set forth above, Defendant Bethel's Motion for Summary Judgment (Docket No. 26) is GRANTED in part and DENIED in part; Defendant City of Ridgetop's Motion for Summary Judgment (Docket No. 31) is GRANTED, and all claims against the City of Ridgetop are DISMISSED; and Defendant Gaetano's Motion to Dismiss and/or for Summary Judgment (Docket No. 37) is GRANTED, and all claims against Defendant Gaetano are DISMISSED.

This case remains set for trial on November 29, 2005, at which time a jury will decide Plaintiff's claims for violation of his civil rights and false imprisonment against Defendant Bethel.

IT IS SO ORDERED.

_Todd Campbell_

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

11